# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRETT A. ROSSI,

      Petitioner,

v.                               Case No. 8:13-cv-4-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

      Respondent.

_____

## ORDER

Petitioner Brett A. Rossi, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).  He challenges his convictions for robbery with a firearm and possession of a controlled substance with intent to sell or deliver, entered in 2009 in the Thirteenth Judicial Circuit, Hillsborough County, Florida, in case number 08-CF-013197. Respondent filed a response (Doc. 7) and supplemental response (Doc. 20).  Although he was afforded an opportunity to file a reply, Rossi did not do so.  Upon review, the petition must be denied.

## PROCEDURAL HISTORY

Rossi entered a plea of guilty to robbery with a firearm (count one) and possession of a controlled substance with intent to sell or deliver (count two).  He was sentenced on count one to a term of 70.275 months in prison, followed by two years of community

control, followed by three years of drug offender probation.  On count two, he received a concurrent sentence of 60 months in prison.  Rossi did not timely file a direct appeal, and the state district court of appeal denied his petition for a belated appeal.

Rossi filed a motion and amended motions for postconviction relief under Florida Rule of Criminal Procedure 3.850.  The state postconviction court summarily denied Rossi's postconviction claims. The state district court of appeal *per curiam* affirmed this denial. Respondent does not contest the timeliness of Rossi's federal habeas petition.

Federal district courts review habeas petitions filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Although Rossi has been released from prison, the "in custody" requirement is satisfied because he was incarcerated in the Department of Corrections when he filed his habeas petition.  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000).  Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2254(d), which sets forth a highly deferential standard for federal court

review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that [the federal court is] to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. Review of the state court decision is limited to the record that was before the state court. *See Cullen v. Pinholster,* _U.S._, 131 S. Ct. 1388, 1398 (2011).

The purpose of federal review is not to re-try the case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Pinholster*, 131 S. Ct. at 1398 ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

## DISCUSSION

### Grounds One and Four: Ineffective Assistance of Trial Counsel

In these related grounds, Rossi appears to reference proceedings under Florida Rule of Criminal Procedure 3.191, which governs Florida's speedy trial procedures. The Florida Supreme Court has summarized the relevant provisions of Rule 3.191:

> [W]hen the 175-day speedy trial period expires, the defendant is not automatically entitled to a discharge. Rather, the defendant may then invoke the rule by filing a notice of expiration of the speedy trial time. At that point, the court must hold a hearing within five days and then schedule a trial within ten days. If a trial is not held during that period, the defendant must be discharged *unless* one of the circumstances in subdivision (j) applies. One of those circumstances is the defendant's unavailability. Unavailability includes circumstances where either the defendant or defense counsel is not ready for trial on the date it is scheduled.

*State v. Naveira*, 873 So.2d 300, 306 (Fla. 2004).  Accordingly, a defendant's continuance to prepare for trial waives the speedy trial right under Rule 3.191.  But a continuance due to circumstances not attributable to the defendant, which Rossi describes as a continuance charged to the State, may result in discharge.  As "a general rule, a defense request for continuance, absent state misconduct, inexcusable delay in providing discovery, or other violation of defense discovery rights, waives the 175 day 'speedy trial' time and the defendant's right to discharge . . . ." *Naveria*, 873 So.2d at 307 (quoting *Banks v. State*, 691 So.2d 490, 491 (Fla. 4th DCA 1997) (en banc)).

Rossi contends that counsel filed a notice of expiration of speedy trial.  He states that the subsequent hearing before the state trial court occurred on January 12, 2009 and January 13, 2009, and that trial was scheduled for January 15, 2009.[1]  At the hearing, Rossi alleges, the State disclosed evidence and a witness.  Rossi claims that counsel sought a continuance and asked that it be charged to the State due to the late discovery. Rossi contends, however, that the trial court denied his request to charge the continuance to the State because counsel's argument was inadequate and counsel was unable to

---

[1]Rossi entered his plea on March 5, 2009.

provide the court with relevant authority in support.

In Ground Four, Rossi argues that counsel's failure to adequately prepare for this hearing constituted ineffective assistance.  In Ground One, Rossi alleges that trial counsel was ineffective for failing to file a petition for writ of prohibition seeking to prevent the trial court from proceeding because of the alleged speedy trial and discovery violations.  He claims that counsel's deficient conduct violated his Sixth and Fourteenth Amendment rights, required him to choose between the right to a speedy trial and the right to discovery, and forced him to enter a plea.

Rossi raised these allegations of ineffective assistance of trial counsel in claims one and four of his state postconviction motion.[2]  To obtain relief on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient, and that this deficiency prejudiced the defense such that there is a reasonable probability the outcome of proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A showing of deficient performance requires that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance."  466 U.S. at 690.

To demonstrate prejudice, a petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  466 U.S. at 687. A showing of prejudice is required because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal

---

[2] Rossi filed his initial postconviction motion, which contained ground one, on February 12, 2010.  He filed an "amended" postconviction motion, which added grounds two, three, and four, on May 5, 2010, before the state court entered any orders on his initial pleading.  Accordingly, the court considered his February 12, 2010, and May 5, 2010 motions together.

proceeding if the error had no effect on the judgment."  466 U.S. at 691-92.  To meet this burden, Rossi must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

When the case involves a plea, the prejudice inquiry focuses on whether counsel's deficient performance "affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A claim of ineffective assistance of counsel can be decided on either the deficient performance or prejudice prong.  "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

The state postconviction court found that Rossi's allegations of ineffective assistance of trial counsel were facially insufficient because he failed to allege prejudice.  (App. B, Ex. 3.)  The state postconviction court dismissed them without prejudice to Rossi filing facially sufficient claims.  (Id.)  However, the state court found Rossi's amended claims to be facially insufficient because he again failed to allege prejudice.  (App. B, Ex. 2.)  Consequently, the state court denied claims one and four.  (Id.)

The state postconviction court's decision was a rejection of Rossi's claims on the merits that warrants deference under AEDPA.  *See Gaedtke v. Sec'y, Dep't of Corr.*, 369 Fed. App'x 12, 16 n.2 (11th Cir. 2010) (unpublished) (a state court's rejection of an ineffective assistance claim in which the defendant did not allege that he was prejudiced

by counsel's performance constituted a decision on the merits, triggering deference under AEDPA).

The amended versions of grounds one and four of Rossi's postconviction motion did not allege that, absent counsel's deficient performance, there was a reasonable probability Rossi would have insisted on proceeding to trial rather than entering his plea. (App. B, Ex. 6.)  His failure to allege such facts resulted in a rejection of the claims.  Rossi does not demonstrate, in either his state postconviction motion or his federal habeas petition, a reasonable probability that he would have insisted on going to trial instead of entering the plea.[3]  Rossi obtained a very favorable plea agreement.   The change of plea form he signed provides that he faced maximum terms of life in prison on count one, and fifteen years in prison on count two. (App. B, Ex. 3., doc. p. 25.)  Rossi received an overall prison term of 70.275 months, followed by two years of community control and three years of probation.   Absent a demonstration that he would have foregone this favorable highly favorable plea agreement to risk a possible life sentence at trial, Rossi fails to satisfy *Strickland*'s prejudice prong.[4]

Therefore, the state court did not unreasonably apply Supreme Court precedent in concluding that Rossi failed to present sufficient factual allegations to satisfy the prejudice

---

[3] Rossi does not challenge the validity of his plea.

[4] The state court proceedings have been characterized as involving a *Richardson* hearing.  *See Richardson v. State*, 246 So.2d 771 (Fla. 1971) (providing that the trial court is to make an inquiry into the circumstances when a violation of discovery rules is alleged.)  Respondent was directed (Doc. 15) to supplement the record with transcripts of the speedy trial hearing and *Richardson* hearing.  Respondent filed a supplemental response (Doc. 20) but did not file these transcripts. The record in its current state does not include the transcripts.  However, they are not necessary to resolve Rossi's claims. He does not challenge the content of the transcripts or argue that they would contain any evidence of prejudice as it relates to his claims of ineffective assistance of trial counsel.  Accordingly, the absence of the transcripts from the record has no bearing on the Court's decision.

prong of *Strickland*.   Accordingly, Rossi is not entitled to relief on Grounds One and Four.

## Ground Two: Discovery Violation by the State and Ground Three: Trial Court Error

In Ground Two, Rossi argues that the State violated his federal due process rights when it committed a discovery violation under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to name Rossi's co-defendant as a witness and withholding statements, CDs, and video until several days before trial.   In Ground Three, Rossi alleges that the state trial court violated his federal due process rights when it denied his request to charge a continuance to the State.   In support of these grounds, Rossi claims that the State and trial court forced him to choose between his right to speedy trial and his right to discovery.

Rossi raised these claims in his postconviction motion.   In rejecting these arguments, the state court found that they should have been brought on direct appeal. (App. B, Ex. 3.)   In Florida, claims that could have been raised on direct appeal cannot be brought in a postconviction motion.   *Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995) ("[I]ssues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack.").   Claims of trial court error are properly raised on direct appeal. *Bruno v. State*, 807 So.2d 55, 63 (Fla. 2001).   Rossi's claim of a discovery violation by the State could have been raised on a direct appeal because the facts supporting this claim were known to Rossi before he entered his plea.[5]

A state court's rejection of a petitioner's constitutional claim on a state procedural

---

[5]When he was provided an opportunity to amend claims one and four of his postconviction motion, Rossi also reargued the allegation raised in ground two concerning the State's alleged *Brady* violation.   The state postconviction court had already denied this ground on the basis that it should have been raised on direct appeal.   The state court rejected his request to reconsider ground two, specifically relying on its earlier reasoning.   (App. B, Ex. 2, doc. pp. 14-15.)

ground generally precludes federal habeas review of the claim. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). "However, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying upon a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair" manner. *Judd*, 250 F.3d at 1313 (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)).

The postconviction court's rejection of Rossi's claims rested upon an application of an independent and adequate state procedural bar. The application of the bar was affirmed by the state district court of appeal. (App. B, Ex. 8.) Consequently, Grounds Two and Three are procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). *See also Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (finding that the state appellate court's *per curiam* affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review).

The doctrine of procedural default provides that "[i]f the petitioner has failed to

exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003); *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Rossi does not allege or demonstrate either cause and prejudice excusing his

default or a fundamental miscarriage of justice.  *See Smith*, 256 F.3d at 1138.  Because Rossi does not establish an exception to procedural default, Grounds Two and Three are procedurally barred from federal review.  Accordingly, Rossi's habeas petition must be denied.

Accordingly, the Court orders:

That Rossi's Section 2254 petition (Doc. 1) is DENIED.  The Clerk is directed to enter judgment against Rossi and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Rossi is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2). To make such a showing, Rossi "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Rossi has not made the requisite showing in these circumstances.

Finally, because Rossi is not entitled to a certificate of appealability, he is not entitled

to appeal in forma pauperis.

ORDERED in Tampa, Florida, on March 30, 2015.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Brett A. Rossi
Counsel of Record